### REED vs. LEUPS and others.

FORECLOSURE SALE: ESTOPPEL.   (1) *Whether ground shown for setting aside foreclosure sale of corporate property, and whether a single stockholder could maintain the action, not decided.    (2) Ratification by plaintiff estops him from impeaching sale.    (3) Conclusion of court below as to settlement presumed correct.    (4) Sale held to be ratified by plaintiff on case stated.    (5) Plaintiff's knowledge inferred.    (6) Plaintiff's knowledge warrants conclusion of acquiescence in sale; consequent estoppel.*

1. Whether the complaint herein, and the evidence offered to support it, would show sufficient ground for setting aside as fraudulent and void the foreclosure sale of the road, property and franchises of the Manitowoc & Mississippi R. R. Co., made in 1859; and whether, if so, the action for that purpose could be maintained by an individual stockholder of the company, — are questions not here determined.

2. If plaintiff, since commencing this action, has ratified said foreclosure sale, or if any arrangement to which he was a party has been entered into for the settlement of the matters of difference growing out of such sale, then he cannot now be heard to impeach the sale.

3. The opinion of the judge of the trial court (which is made part of the bill of exceptions in lieu of formal findings) states his conclusion that a certain arrangement, proven on the trial, settled all the interests of the parties thereto and of the stockholders of the Manitowoc & Mississippi R. R. Co., and that it satisfactorily appeared that plaintiff was a party to and bound by that arrangement. The bill of exceptions not containing all the evidence, this court would *presume* (if necessary) that such conclusion was warranted by the evidence. But it appears to be sufficiently supported by the evidence preserved in the record.

4. An act of the legislature of 1866 consolidated all former acts incorporating the Manitowoc & Mississippi R. R. Co., and constituted the plaintiff and four other persons a corporation under that name, giving it power to construct a railroad from Manitowoc *via* Menasha to the Mississippi river, etc. The persons named as corporators were also, by said act, constituted directors until May 1, 1867, and until their successors should be elected, and were authorized to settle and adjust all claims and demands against the corporation; to take up any bonds or other obligations outstanding; to issue new bonds or other obligations in lieu thereof; and to do all other things which they should deem needful for the final adjustment of all or any of the difficulties in which said company was involved. An act of the legislature of 1868 (P. & L. Laws, ch. 342) incorporated the Manitowoc & Minnesota R. R. Co., naming the plaintiff and four other persons as the corporators; gave the company power to construct and operate a railroad between the same points and over the same route, substantially, as those named in the charter of the Manitowoc & Mississippi Co.; and authorized it to purchase the property and franchises of the latter company, which had been conveyed by the trustees in 1859, and, for this purpose, to make contracts of purchase with the defendant L., the grantee in that conveyance, and to take from him a conveyance of all the property, rights, etc., which he had acquired by the purchase at said foreclosure sale and the deed executed thereon. Under this act, certain agreements and contracts were entered into between the Manitowoc & Minnesota R. R. Co. and L., and a conveyance made by L. to said company, of all the estate, rights, etc., of the Manitowoc & Mississippi Co. described in said deed of conveyance made to him by the trustees. *Held*, that these acts of the legislature, and the subsequent acts and agreements of the parties under them, go in affirmation of the validity of the foreclosure proceedings, and in confirmation of the sale and the deed to L.

5. From the fact that plaintiff is named as corporator in both of the legislative acts above described, and as director in that of 1866, it would

Reed vs. Leups and others.

seem to be a fair inference that he had knowledge of their passage and assented to them. But it was not necessary in this case to rest upon that inference.

6. The fact that the legislation above described was had with the plaintiff's full knowledge and consent being clearly established by the evidence in the record (for which see the opinion), this warrants the conclusion that he *acquiesced in the sale* here sought to be avoided; and, having thus treated said sale as legal and valid, he cannot now avoid it, whether the terms of the agreement entered into pursuant to the act of 1868 have or have not been performed by L.

APPEAL from the Circuit Court for *Milwaukee* County.

The action was brought in 1860, by *Curtis Reed*, as a shareholder of the Manitowoc & Mississippi Railroad Company, to set aside as fraudulent a foreclosure sale, and deed thereunder to *Leups*, of the road, property and franchises of said company. An amended complaint was filed in 1873. The facts appear in the opinion. At the conclusion of the plaintiff's testimony, defendants moved for a nonsuit, on the ground, among others, of a settlement of the matters in controversy since the beginning of the suit. The court sustained the motion, and gave judgment dismissing the complaint; from which plaintiff appealed.

*Geo. B. Goodwin,* for appellant, contended, as to ch. 366, P. & L. Laws of 1866, consolidating the several acts incorporating the Manitowoc & Mississippi Railroad Company, that there was no proof that this legislation was procured by the plaintiff or by his assent, and the mere act of the legislature could not work a discontinuance of an action pending in court. To the point that sec. 23, ch. 342, P. & L. Laws of 1868, did not work a settlement of the action, counsel argued that this was only an enabling act. It enabled *Leups* to make a conveyance, enabled the Manitowoc & Minnesota Railroad Company to receive a conveyance, and attempted to fix the effect of any conveyance that might be made by *Leups* to said company. This is not a settlement, because, 1. The legislature could not, by an act, settle a case in court. 2. Naming plaintiff as an

incorporator does not imply his assent or request for such an enactment. 3. There is no proof that plaintiff ever did consent. 4. The legislature can not determine what property may or may not be conveyed by a particular conveyance. 5. It does not appear in evidence that *Leups* has ever, with his grantees or assigns, carried out the provisions of this section.

*F. W. Cotzhausen* and *J. D. Markham*, for respondents, contended that, the bill of exceptions not purporting to contain all the evidence, this court will not review the conclusion of the court below upon the facts. The legislative acts of 1866 and 1868 referred to, with the acts of the parties, have settled the case. The act of 1868 legalized the foreclosure sale to *Leups*, and authorized him to transfer and convey his title thereunder to the plaintiff with the other incorporators named. The request of plaintiff and his colleagues was granted by the legislature in the strongest terms possible, and the validity of the foreclosure sale was placed beyond attack upon their own petition. Whatever may have been the nature of plaintiff's rights and his former claims to relief, he is by his own unequivocal act estopped from asserting them further.

*Cottrill & Cary*, of counsel for respondents, contended that the plaintiff had fully ratified the foreclosure and sale to *Leups*, and had fully discharged and released all claims which he ever had upon the property of the Manitowoc & Mississippi Railroad Company, and had settled all matters complained of in this action. Hence the nonsuit was properly granted. But if this court should be of opinion that the evidence disclosed by the record was insufficient to sustain the judgment of the court below, it must presume that that court had before it other and sufficient evidence to sustain its judgment, since the bill of exceptions does not purport to contain all the evidence.

*Geo. B. Goodwin*, for appellant, in reply, argued that the fact that the judge of the trial court stated the grounds upon which he granted the nonsuit, precluded any presumption that

if all the evidence were presented in the exceptions, it would show other grounds to sustain the judgment.

COLE, J. In March, 1860, the plaintiff, an individual stockholder of the Manitowoc & Mississippi Railroad Company, brought this action to have the foreclosure proceedings and the deed executed thereupon in April, 1859, by the trustees to the defendant *Jacob Leups*, adjudged fraudulent and void, and set aside. The foreclosure was had under a mortgage or trust deed executed by that company upon its road, property and franchises, in October, 1856, on default in the payment of interest on the bonds secured by the mortgage; and *Leups* was the purchaser at the sale. From the view which we have taken of the case, it will not be necessary to determine the question, discussed upon the argument, whether an individual stockholder could maintain the action upon the facts stated in the complaint; nor shall we consider whether the allegations in the complaint, and the evidence offered on the part of the plaintiff to impeach the regularity and validity of the foreclosure sale — even if a stockholder might bring an action to set it aside,— afford sufficient grounds for granting the relief asked. The court below dismissed the complaint upon the ground or for the reason that the evidence on the trial showed that the plaintiff had, since the commencement of the suit, ratified and confirmed the foreclosure sale made by the trustees to the defendant *Leups*, and had entered into an arrangement for the settlement of all matters about which he complains in his bill. If this view be correct, and the testimony shows any ratification of the foreclosure sale by the plaintiff, or that any arrangement to which he was a party has been entered into for the settlement of matters of difference growing out of the sale, then it cannot admit of doubt that, although the transactions were impeachable in the first instance, yet they have become unimpeachable by subsequent confirmation. "It is not necessary, in order to render a transaction unimpeachable, that any

positive act of confirmation or release should take place. It is enough if proof can be given of a fixed and unbiased determination not to impeach the transaction. And this may be proved, either by acts evidencing acquiescence or by the mere lapse of time during which the transaction has been allowed to stand." Kerr on Fraud & Mis., p. 298.

The bill of exceptions does not purport to contain all the testimony offered on the trial, and there is no formal finding of facts by the court below. We have, however, the opinion of the learned circuit judge, which he directed should be incorporated in the bill of exceptions, and which he doubtless intended should take the place of, or stand for, a formal finding. In this opinion the circuit judge states his conclusion that the arrangement proven on the trial—which was made under certain acts of the legislature—settled and foreclosed all the interests of the parties and stockholders of the Manitowoc & Mississippi Railroad Company, and that it satisfactorily appeared that the plaintiff was a party to and bound by that arrangement. As the bill of exceptions does not purport to contain all the evidence, we must of course presume that this conclusion was fully warranted by proofs before the circuit court; but were it otherwise, we think there is sufficient evidence in the record as it now stands, to show that it is a correct view of the cause.

In the first place, it appears that the legislature, in 1866, passed a law consolidating all former acts incorporating the Manitowoc & Mississippi Railroad Company, and constituting the plaintiff and four other persons named therein a corporation under the name and style of the "Manitowoc & Mississippi Railroad Company," and conferring upon the corporation power to construct and operate a railroad from the village of Manitowoc, *via* the village of Menasha, to the Mississippi river at some eligible point near the city of St. Paul. Ch. 366, P. & L. Laws of 1866. By a section of the act, the persons named as corporators were constituted directors of the company until the first of May, 1867, and till their successors

were duly elected. They were expressly authorized, on behalf of the company, to settle and adjust all claims and demands against the corporation; to fund its indebtedness; to take up and cancel any bonds and obligations outstanding; to issue new bonds or other obligations in exchange therefor; to take up old stock outstanding, and to issue new stock in lieu thereof; and to do all other things which they should deem needful for the final adjustment of all or any of the difficulties in which the company was involved. In 1868, another act was passed, incorporating the Manitowoc & Minnesota Railroad Company, in which the plaintiff and four other persons were named as corporators, and the corporation was clothed with the usual powers to construct and operate a railroad between the same points and over the same route substantially as the Manitowoc & Mississippi Railroad Company. Ch. 342, P. & L. Laws of 1868. And, by a section of the act, the Manitowoc & Minnesota Company was authorized to purchase the property and franchises of the Manitowoc & Mississippi Company which had been granted and conveyed by the trustees to the defendant *Leups* under their conveyance of April, 1859, and for this purpose was authorized to make contracts of purchase with *Leups*, and to take from him a conveyance of all the rights, property and franchises which he had acquired by the purchase at the foreclosure sale and trust deed executed on such sale. Under these acts of the legislature, it appears, certain agreements and contracts were entered into by and between the defendant *Leups* and the Manitowoc & Minnesota Railroad Company, and a conveyance was made by *Leups*, in and by which he granted and sold to the Manitowoc & Minnesota Railroad Company all the estate, rights and franchise of the Manitowoc & Mississippi Railroad Company as described in the deed of conveyance made to him by the trustees. These various agreements and this conveyance, executed by the parties, the court below regarded as a full settlement of the matters of difference involved in this cause, and as amounting to a ratification and

confirmation of the foreclosure sale on the part of the plaintiff and all parties concerned. And it certainly seems to us impossible to avoid that conclusion upon the facts. For it is perfectly obvious that the legislation just referred to, and the acts and agreements of the parties under it, all go in affirmation of the validity of the foreclosure proceedings, and in confirmation of the sale and the deed executed by the trustees to the defendant *Leups.* This, it seems us, is a proposition so plain as to require no discussion. And if the plaintiff had the right, when he brought this action, to impeach those transactions, it must be held that he has waived and abandoned that right by acts which evidence an intention not to impeach them but to recognize their validity. But it is said the plaintiff ought not to be affected in any way by these acts of the legislature and the contracts made in pursuance of them, because it does not appear that he solicited the passage of these acts or consented to the contracts. If this position were in accord with the facts established by the evidence, it would do away with the argument that the plaintiff has recognized the validity of the foreclosure, or acted in a manner inconsistent with its prompt repudiation; but it is not. First, it is to be observed that the plaintiff is named as a corporator in both acts, and is made a director in the Manitowoc & Mississippi Railroad Company; and it would seem to be a fair inference that he had knowledge of their passage and assented to them. But this is not all to show that these charters were passed with his assent or procurement. It appears from the recitals contained in a memorandum of an agreement which was introduced in evidence by the plaintiff himself, and which bore date May 2, 1868, that in the year 1865 the plaintiff, George Reed, the defendant *Leups,* and a number of other persons, entered into a contract, whereby it was, among other things, stipulated and agreed, that in consideration of any arrangement which thereafter might be made by the said George Reed or with *Leups,* to secure the construction of the road between the village of Manitowoc and the vil-

lage of Menasha, any and all claims which each and all had upon the property of the Manitowoc & Mississippi Railroad Company, and any and all interest in said company arising on stock or bonds, and owned or held by them or either of them, should be fully discharged; and that said Reed might procure such legislation as he should deem necessary to carry into effect the stipulations of said contract. Further, in an affidavit contained in the judgment roll, which was made by the plaintiff and used in opposition to the motion to dismiss the cause for want of prosecution, the plaintiff states that some time after February 12, 1862, negotiations commenced between him and George Reed on the one side, and *Leups* and others of the defendants on the other side, for a settlement and adjustment of the matters then in dispute between the plaintiff and the said defendants in regard to the Manitowoc & Mississippi Railroad Company, and also for an amicable adjustment of various matters in controversy between the said defendants and George Reed, growing out of the former management of the Manitowoc & Mississippi Railroad Company and the foreclosure sale; that these negotiations led to an agreement that further legislation should be obtained providing for a reorganization of the Manitowoc & Mississippi Railroad Company, and for that purpose the act of 1866 was passed, and a new organization was effected; and that, as no adjustment was effected under the act of 1866, the act of 1868 was passed for the organization of the Manitowoc & Minnesota Railroad Company. This is surely sufficient to show that the legislation above alluded to was had with the full knowledge and consent of the plaintiff; and this alone warrants the conclusion that he acquiesced in the sale. And. having in this unequivocal manner treated the sale as legal and valid, he cannot afterwards avoid it. We are not called upon in this case to consider the nature and effect of the contracts entered into by the parties under the acts of 1866 and 1868, or to inquire whether the terms of settlement have been fully kept and performed by the parties. It is said by the counsel

for the plaintiff, that the act of 1868 contemplated a settlement only upon the execution of a conveyance by *Leups* and his assigns of the entire property of the Manitowoc & Mississippi Railroad Company, and that no such conveyance has ever been made. The conveyance executed by *Leups* appears in evidence. Whether it conveys the entire property of the Manitowoc & Mississippi Railroad Company, is not a question now before us. This conveyance, the other contracts made by the parties, and the acts of the legislature, have been referred to for the purpose of showing that in various ways the plaintiff has recognized the validity of the foreclosure sale — has entered into an arrangement for the settlement of difficulties growing out of the same, — and that therefore he cannot now repudiate it for fraud. He has deliberately and advisedly affirmed it, upon a full knowledge of all the facts, and consequently, upon well settled principles of equity, is not now entitled to the relief he seeks.

It follows from these views that the judgment of the circuit court dismissing the complaint was right, and must be affirmed.

*By the Court.* — Judgment affirmed.

RYAN, C. J., took no part in the decision of this cause.